UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANTOINE FORD, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD M. SHOOPMAN *et al.*, )<br>    Defendants. ) | Case No. 24-3326 |

ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) under 42 U.S.C. § 1983 and Motions for Counsel (Docs. 5, 6) filed by Plaintiff Antoine Ford, a prisoner at Western Correctional Center ("Western").

I.   **Complaint**

A. Screening Standard

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Facts Alleged**

The events Plaintiff describes occurred at Western and are alleged against the following Defendants: Warden Brittany P. Greene, Lieutenants Corey J. Holzer and Richard N. Shoopman, Sergeant Zachary R. Cook, and Officer Triston L. Ruiz.

**1. February 23, 2024**

On February 23, 2024, a corrections officer asked Plaintiff if he would move cells or accept a cellmate. Instead of answering, Plaintiff inquired about his segregation release date. The officer told Plaintiff that he considered Plaintiff's nonresponse a refusal and walked away. Defendant Shoopman wrote Plaintiff a disciplinary ticket for disobeying a direct order that day.

At an adjustment committee hearing conducted by Defendants Holzer and Ruiz, Plaintiff asserted that Defendant Shoopman wrote a false disciplinary ticket because Shoopman was not the official who asked whether Plaintiff would accept a cellmate. Plaintiff states Holzer and Shoopman disregarded his false disciplinary ticket claims and did not consider the camera footage Plaintiff requested be reviewed. The adjustment committee determined that Plaintiff committed the rule violation alleged and imposed segregation for seven days and one month of B grade status.

**2. February 24, 2024**

On February 24, 2024, Defendant Cook asked Plaintiff if he would accept a cellmate. Plaintiff responded that he could not because he "was on blast" by his former organization and feared for his life. (Pl. Compl. Doc. 1 at 5.) Plaintiff received a disciplinary ticket that he could not read. At a subsequent adjustment committee hearing, Plaintiff stated he could not prepare a defense because he could not read the disciplinary ticket. The adjustment committee imposed a segregation term of fourteen days.

**C. Analysis**

"*Wolff v. McDonnell*[, 418 U.S. 539, 558 (1974),] sets forth the minimum due process requirements for prison disciplinary proceedings when the prisoner has been charged with serious misconduct which could result in loss of good time credits, punitive segregation, or which might also be punishable in state criminal proceedings." *Chavis v. Rowe*, 643 F.2d 1281, 1285 n.3 (7th Cir. 1981).

However, when an inmate's "sanction is less onerous" than revocation of good time credits, prison officials "need not use all of the procedures required by *Wolff* when reaching decisions." *Sylvester v. Hanks*, 140 F.3d 713, 715 (7th Cir. 1998). An inmate is entitled to only informal, nonadversary procedures when "the State's interest implicates the safety of other inmates and prison personnel." *Wilkinson v. Austin*, 545 U.S. 209, 228–29 (2005) (holding that inmates transferred to supermax prison where incarceration "is synonymous with extreme isolation" are entitled only to informal, nonadversarial due process); *see also Westefer v. Neal*, 682 F.3d 679, 684-86 (7th Cir. 2012) (concluding that

informal, nonadversary procedures do not involve the right to call or cross-examine witnesses, record evidence, receive a written decision, or administrative appeal).

"[I]nformal due process requires only that an inmate is provided (1) 'notice of the reasons for the inmate's placement' in segregation and (2) 'an opportunity to present his views,' for instance, in a written statement or at a hearing." *Ealy v. Watson*, 109 F.4th 958, 966 (7th Cir. 2024) (quoting *Adams v. Reagle*, 91 F.4th 880, 895 (7th Cir. 2024). "[T]he Supreme Court has made clear that '[o]rdinarily a written statement by the inmate will accomplish this purpose .... So long as this occurs, and the decisionmaker reviews the charges and then-available evidence against the prisoner, the Due Process Clause is satisfied.'" *Adams*, 91 F.4th at 895 (quoting *Hewitt v. Helms*, 459 U.S. 460, 476, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983)). Due process is also satisfied if a plaintiff presents his arguments orally during the Committee hearing. *Adams*, 91 F.4th at 896.

Plaintiff does not contend that the imposed punishment for his rule infraction resulted in the loss of good time credits. Thus, Plaintiff would, at most, be entitled to the informal due process procedure outlined *supra*, which does not mandate that the adjustment committee review video recordings or call or consider Plaintiff's witnesses. *See Westefer v. Neal*, 682 F.3d 679, 685 (7th Cir. 2012) ("If the prison chooses to hold hearings, inmates do not have a constitutional right to call witnesses or to require prison officials to interview witnesses."); *see also Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980) ("The Constitution . . . do[es] not confer upon prisoners the right to call witnesses to present evidence when . . . only lesser penalties were imposed, namely a fortnight's

deprivation of movie and commissary privileges."). Plaintiff also does not contend that he was not allowed to present his views on the alleged rule infraction at the adjustment committee hearing. Thus, Plaintiff fails to state a claim against Defendants Holzer and Ruiz. Plaintiff does not state a plausible claim against Defendant Cook because he asked if Plaintiff would accept a cellmate.

Similarly, Plaintiff's assertion that Defendant Shoopman wrote a false disciplinary report does not violate due process under the circumstances presented. The Seventh Circuit has "long held that as long as procedural protections are constitutionally adequate, [courts] will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999) ("[E]ven assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process.").

Furthermore, Plaintiff has no liberty interest in his (1) demotion to B grade status or a twenty-one-day segregation stay absent an allegation of atypical conditions. *See Hoskins v. Lenear*, 395 F.3d 372, 374–75 (7th Cir. 2005) (noting that punishments such as "a demotion to C-grade (a loss in privileges), two months in segregation, and . . . transfer [to another correctional facility] . . . raise no due process concerns."); *Lekas v. Briley*, 405 F.3d 602, 605, 613 (7th Cir. 2005) (concluding that a prisoner does not suffer a deprivation of liberty where, for ninety days, "he was unable to participate in prison programs, educational programs, and work programs; he lost prison employment, wages, contact visits, telephone privileges, visits from clergy, and access to church; and he was allowed

fewer visits from family, exercise privileges, commissary privileges, personal possessions, and audio/visual items").

Despite naming Defendant Greene, Plaintiff does not provide any facts that this Court can analyze to determine whether she committed any constitutional violations. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Consequently, the Court dismisses Plaintiff's Complaint for failure to state a claim. Despite the dismissal, if Plaintiff believes he can revise his pleading to state a cause of action, he may file an amended pleading. However, the Court does not accept piecemeal amendments. Plaintiff's amendment cannot refer to his dismissed Complaint and must contain all claims against all defendants. In other words, Plaintiff's amendment must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

Plaintiff is advised that any attempt to join unrelated claims and defendants is prohibited. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are permitted, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

## II. Motion for Counsel

Plaintiff also moves to recruit counsel (Docs. 5, 6). Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept pro bono appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff appends one letter (Doc. 6 at 2) from a law firm declining to represent him. The Court finds Plaintiff has not demonstrated that he reasonably attempted to obtain counsel, which typically requires writing to several lawyers and attaching the responses received. Accordingly, the Court denies Plaintiff's Motions for Counsel (Docs. 5, 6).

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Counsel (Docs. 5, 6) are DENIED.**

2) **Plaintiff's Complaint (Doc. 1) is DISMISSED for failure to state a federal claim on which relief may be granted as required by 28 U.S.C. § 1915A(b)(1).**

3) **The Court GRANTS Plaintiff leave to file an amended complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If**

**Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED June 18, 2025.

                                                      s/ *Colleen R. Lawless*
                                      _____
                                           COLLEEN R. LAWLESS
                                 UNITED STATES DISTRICT JUDGE